IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEOPOLDO RUBINO-ZAMORA, § | | |
| Movant, § | | |
| § | | |
| v. § | | 3:16-CV-1890-K |
| § | | (3:11-CR-223-K-2) |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Movant Leopoldo Rubino-Zamora, a federal prisoner, proceeding *pro se*, has moved, under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. *See* Dkt. Nos. 5 & 6. Because it plainly appears, for the reasons explained below, that Rubino-Zamora is not entitled to relief, the Court **DISMISSES** his motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**Applicable Background**

Rubino-Zamora pleaded guilty to one count of conspiracy to possess with the intent to distribute and distribution of a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(viii). Although his advisory guideline sentence, calculated pursuant to the 2011 Sentencing Guidelines – based on a total offense level of 39 and criminal history category of I – was 262 to 327 months, the Court sentenced Rubino-Zamora below the advisory guideline range – to 132 months' imprisonment.

While Rubino-Zamora's criminal history category was I, the base offense level for the drug-conspiracy conviction was determined by the amount of drugs for which he was held accountable, and his offense level was enhanced because, among other specific offense characteristics, several firearms were found at each of the stash houses associated with the conspiracy. *See* U.S.S.G. § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels.").

Through the current motion, Rubino-Zamora seeks a reduction to his sentence based on a belief that *Johnson v. United States*, 135 S. Ct. 2551 (2015) impacts the above-mentioned dangerous-weapon enhancement. *See, e.g.,* Dkt. No. 5 at 4 ("the defendant is just looking for a reduction of sentence on the portion of possession of a firearm").

## Legal Standard and Analysis

In *Johnson*, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – under which "violent felony" includes any felony that "involves conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. The Supreme Court has made that decision retroactively applicable. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

Whether *Johnson* should be expanded to other criminal statutes containing

2

similarly worded language – and even to similar language in the advisory sentencing guidelines – is certainly an issue before many courts at the moment. *See, e.g., In re Fields*, ___ F.3d ___, No. 16-50521, 2016 WL 3383460 (5th Cir. June 17, 2016) (per curiam) (refusing to authorize a successive, *Johnson*-based challenge "to the differently worded 'crime of violence' definition in" 18 U.S.C. § 924(c)(3)(B)); *Beckles v. United States*, 136 S. Ct. 2510 (2016) (granting petition for certiorari to address, among other things, whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether *Johnson*'s constitutional holding applies to the residual clause in Section 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review); *United States v. Gonzalez-Longoria*, ___ F.3d ___, No. 15-40041, 2016 WL 4169127 (5th Cir. Aug. 5, 2016) (en banc) (holding "that 18 U.S.C. § 16(b) is not unconstitutionally vague" in light of *Johnson*).

Nevertheless, the Court rejects the expansion of *Johnson* to Section 2D1.1(b)(1) and adopts the reasoning of other courts that also have rejected such an extension of Johnson's holding:

> *Johnson* and its progeny have no effect on the two point enhancement for possessing a firearm in U.S.S.G. § 2D1.1(b)(1).... *Johnson* serves to invalidate a portion of the definition of a "crime of violence" as utilized in the ACCA. Defendant argues that the reasoning in *Johnson* should apply to the sentencing guidelines; however, even if it did, it would not serve to invalidate the specific two point enhancement that affected Defendant's sentence. While Defendant is correct that some courts have applied *Johnson* reasoning beyond the ACCA, for example to the residual

3

> clause of the career offender portion of the sentencing guidelines or to the residual clause in § 924(c), there is simply no like reasoning that would invalidate the two level enhancement for possessing a dangerous weapon. U.S.S.G. § 2D1.1(b)(1) does not have a residual clause that could be held unconstitutionally vague; instead, it clearly lays out which convictions (all related to drug offenses) could receive the two point enhancement for possessing a dangerous weapon. Therefore, *Johnson* cannot serve to invalidate the enhancement received by Defendant.

*United States v. Beckham*, Cr. No. 0:10-1212-CMC, 2016 WL 3941021, at *2 (D.S.C. July 21, 2016); *see United States v. Munoz*, ___ F. Supp. 3d ___, Case Nos. 09-cr-0109 (27) (JNE) & 16-cv-2444 (JNE), 2016 WL 4059225, at *3 (D. Minn. July 19, 2016) ("It is difficult to see what *Johnson* has to do with § 2D1.1(b)(1). Again, *Johnson* invalidated the phrase 'otherwise involves conduct that presents a serious potential risk of physical injury to another' as used in the ACCA. That phrase does not appear in § 2D1.1(b)(1). The only connection between *Johnson* and § 2D1.1(b)(1) is that both concern unlawful possession of a firearm. But this glancing similarity, taken alone, does not transform Ochoa Munoz's claim that the Court should not have applied § 2D1.1(b)(1) at sentencing into a claim under the new rule established by *Johnson*."); *see also, e.g., Carrasco v. United States*, ___ F. Supp. 3d ___, 01-CR-0021 (VM) & 16-CV-3952 (VM), 2016 WL 3275397, at *2 (S.D.N.Y. June 3, 2016); *United States v. Ramos*, Crim. A. No. 06-275-KD, 2016 WL 1611483, at *1-*2 (S.D. Ala. Apr. 21, 2016); *Heard v. United States*, Nos. 8:16-cv-1475-T-30AAS & 8:12-cr-52-T-30AAS, 2016 WL 3219718, at *1 (M.D. Fla. June 10, 2016); *United States v. Romero*, Case No. 05-20017-02-JWL, 2016 WL 4128418, at *1 (D. Kan. Aug. 3, 2016).

**Conclusion**

For the foregoing reasons, "it plainly appears ... that the moving party is not entitled to relief." RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, Rule 4(b). The Court therefore summarily **DISMISSES** the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

**SO ORDERED.**

Signed August 29th, 2016.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE